# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE LUCAS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>KAREN BROWN, et al.,<br><br>　　　　　Defendants. | Case No. 1:16-cv-01799-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS THAT ACTION BE DISMISSED, WITHOUT PREJUDICE, FOR LACK OF STANDING<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Dwayne Lucas is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's first amended complaint, filed on August 14, 2017. (ECF No. 22.)

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

1 A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## DISCUSSION

Plaintiff brings this action against Karen Brown, Chief Executive Officer at Kern Valley State Prison and J. Lewis, Deputy Director of Policy and Risk Management Services, Inmate Correspondence and Appeals Branch. Plaintiff alleges that on April 25, 2016, California Correctional Health Care Services ("CCHCS") identified a potential breach of Plaintiff's personally identifiable information and protected health care information that occurred on February 25, 2016. An unencrypted laptop was stolen from a CCHCS workforce member's personal vehicle.

Defendants Brown and Lewis supervise and employ workforce member, who chose to remain anonymous. Thus, Defendants Brown and Lewis are responsible for the workforce member not upholding proper conduct, and for integrity not being honored. Plaintiff was

notified of the potential breach pursuant to a memorandum titled Notice of Data Breach, dated May 16, 2016, attached as an exhibit to the first amended complaint.

Plaintiff is constantly worried about his psychological information being exposed, which may adversely affect his standing in the community, workforce, family, etc.

Plaintiff claims a violation of California Civil Code section 56.101(a) and section 56.36(b)(1), CCR Title 15 section 3413(a)(1)-(6), and the First, Eighth and Fourteenth Amendments. Plaintiff is seeking monetary damages of $1,000.00.

**A.    Standing**

"[F]ederal courts are required sua sponte to examine jurisdictional issues such as standing." B.C. v. Plumas Unified Sch. Dist., 192 F.3d 1260, 1264 (9th Cir. 1999). The Article III case or controversy requirement limits federal courts' subject matter jurisdiction by requiring that plaintiffs have standing. Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). To have Article III standing, a plaintiff must plead and prove that he has suffered sufficient injury to satisfy the "case or controversy" requirement of Article III of the United States Constitution. Clapper v. Amnesty Int'l USA, 133 S. Ct. 1138, 1146 (2013) ("'One element of the case-or-controversy requirement' is that plaintiffs 'must establish that they have standing to sue.'" (quoting Raines v. Byrd, 521 U.S. 811, 818 (1997))). To satisfy Article III standing, a plaintiff must therefore allege: (1) injury-in-fact that is concrete and particularized, as well as actual or imminent; (2) that the injury is fairly traceable to the challenged action of the defendant; and (3) that the injury is redressable by a favorable ruling. Monsanto Co. v. Geertson Seed Farms, 561 U.S. 139, 149 (2010) (citation omitted); Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). "The party invoking federal jurisdiction bears the burden of establishing these elements...with the manner and degree of evidence required at the successive stages of the litigation." Lujan, 504 U.S. at 561 (citations omitted).

In this case, Plaintiff's own allegations state that the disclosure of his medical information, as well as any resulting injury, is entirely speculative. While potential future harm can in some instances confer standing, plaintiff must face "a credible threat of harm" that is

"both real and immediate, not conjectural or hypothetical." Krottner v. Starbucks Corp., 628 F.3d 1139, 1143 (9th Cir. 2010) (citations and internal quotation marks omitted) (holding that threat of potential identity theft created by theft of a laptop known to contain plaintiffs' unencrypted names, addresses, and social security numbers was sufficient to confer standing, but that "more conjectural or hypothetical" allegations would make threat "far less credible"); Clapper v. Amnesty Int'l USA, 133 S. Ct. 1138, 1147 (2013) ("[A]n injury must be concrete, particularized, and actual or imminent.") (citation and internal quotation marks omitted).

Plaintiff's allegations are based upon a notification which states that it is unknown whether any sensitive information is contained in the laptop and that even if there is sensitive information in the laptop, the scope of the information, including whether any of plaintiff's information is contained therein, is unknown. (ECF No. 1, at p. 6.) In other words, whether Plaintiff's sensitive information has even been compromised is unknown. Plaintiff cannot state a claim for relief based upon the speculative breach of his sensitive information and his claim for violation of his constitutional rights to privacy should be dismissed for lack of standing, without prejudice. See Fleck & Assoc., Inc. v. City of Phoenix, 471 F.3d 1100, 1106-07 (9th Cir. 2006) (dismissal for lack of standing is without prejudice).

### B. State Law Claims

The complaint also alleges violations of California law. Violations of state law do not provide a basis for federal jurisdiction. Galen v. County of Los Angeles, 477 F.3d 652, 662 (9th Cir. 2007) ("Section 1983 requires [plaintiff] to demonstrate a violation of federal law, not state law."). Because Plaintiff has failed to state a cognizable claim for relief under federal law, this Court should decline to exercise supplemental jurisdiction over Plaintiff's putative state law claims. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988) (when federal claims are eliminated before trial, district courts should usually decline to exercise supplemental jurisdiction).

///
///
///

# III.

# CONCLUSION AND ORDER

Plaintiff's first amended complaint fails to state a cognizable claim. If a court finds that a complaint should be dismissed for failure to state a claim, a court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the Court may dismiss without leave to amend. Cato, 70 F.3d at 1005-06.

In this case, leave to amend was previously granted in an abundance of caution. Nevertheless, as set forth above, Plaintiff's amended complaint shows that he lacks standing and that further amendment would be futile because the notification Plaintiff bases his allegations on establishes only speculative injury that is neither real nor immediate. Because Plaintiff lacks standing to pursue his federal claims, the Court should decline to exercise supplemental jurisdiction over his state law claims and dismiss the complaint in its entirety.

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The instant action be dismissed, without prejudice, for lack of standing; and

2. The Clerk of Court be directed to terminate this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

///

///

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 15, 2017**

UNITED STATES MAGISTRATE JUDGE