UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE LUCAS, | No. 1:16-cv-01799-DAD-SAB (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO STOP COLLECTION OF THE FILING FEE |
| v. | |
| KAREN BROWN, et al., | (ECF No. 29) |
| Defendants. | |

This case was dismissed, without prejudice, on December 6, 2017, due to Plaintiff's lack of standing. (ECF No. 27.)

On February 6, 2025, Plaintiff filed a motion to stop the collection of the filing fee for this action. (ECF No. 28.) Plaintiff's motion must be denied.

Section 1915 of Title 28 of the United States Code governs proceedings in forma pauperis. "Plaintiffs normally must pay [the filing fee] to file a civil complaint in federal district court, 28 U.S.C. § 1914(a), but 28 U.S.C. § 1915(a)(1) allows the district court to waive the fee, for most individuals unable to afford it, by granting in forma pauperis status." <u>Andrews v. Cervantes</u>, 493 F.3d 1047, 1051 (9th Cir. 2007). However, notwithstanding being granted leave to proceed in forma pauperis, "if a prisoner brings a civil action..., the prisoner shall be required to pay the full amount of a filing fee" through payments deducted from the prisoner's prison trust account. 28

1 U.S.C. § 1915(b)(1). After payment of an initial filing fee, if any, "the prisoner shall be required
2 to make monthly payments of 20 percent of the preceding month's income credited to the
3 prisoner's account. The agency having custody of the prisoner shall forward payments from the
4 prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until
5 the filing fees are paid." 28 U.S.C. § 1915(b)(2).

6       Plaintiff requests the Court to stop the California Department of Corrections and
7 Rehabilitation (CDCR) from continuing to collect payment from his prison trust account
8 statement for the filing fee for this action, because he is indigent and was granted leave to proceed
9 in forma pauperis in this action.

10       Plaintiff filed this case on October 3, 2016 and submitted an application to proceed in
11 forma pauperis pursuant to 28 U.S.C. § 1915. (ECF Nos. 1, 8.)  On November 30, 2016, the Court
12 granted Plaintiff leave to proceed in forma pauperis and directed the CDCR to collect and send
13 payments to the Clerk of the Court from Plaintiff's prison trust account statement until the filing
14 fee of $350.00 was paid in full. (ECF Nos. 8, 14.)

15       In forma pauperis status allows a prisoner's case to be filed and proceed without full
16 payment of the filing fee, but does not excuse the prisoner from payment of the filing fee in
17 payments, over time, from the prisoner's trust account.  The statute requires the Court to collect
18 payments for the filing fee when funds exist. 28 U.S.C. 1915(b)(1),(2).  Plaintiff's argument that
19 he cannot afford to pay the filing fee is unpersuasive.  Indeed, numerous prisoners in similar
20 circumstances are paying the filing fees for their lawsuits in this manner.  Plaintiff provides no
21 evidence that the CDCR is not properly collecting payments for the filing fee pursuant to the
22 Court's order.  Plaintiff's contention that Assembly Bill (AB) 1186 rendered the filing fees for
23 this action unenforceable and uncollectable, is without merit.  However, AB 1186 eliminates
24 restitution fines and related fees for youth offenders and waives the debt of those 10 or more
25 years old.  (Assembly Bill No. 1186, Chapter 805, approved by Governor September 28, 2024
26 and filed with Secretary of State September 28, 2024.)  Thus, AB 1186 does not apply the court
27 filing fee for civil actions brought under 42 U.S.C. §1983.  Therefore, Plaintiff's motion shall be
28 denied.

1  Based on the foregoing, Plaintiff's motion for the Court to stop collection of the filing fee
2  for this action, filed on February 6, 2025, is DENIED.

IT IS SO ORDERED.

Dated:   **February 11, 2025**

STANLEY A. BOONE
United States Magistrate Judge

3